# Charleston.

JAMES SCOTT *vs.* CHARLES T. PERKINS AND WIFE *et al.*

January Term, 1871.

S. purchased from P. and wife 200 acres of land, for the sum of 1,400 dollars. He paid 200 dollars in hand, and executed one bond for 800 dollars to P., and one for 400 dollars to the wife, for the residue of the purchase money. A judgment was obtained on the 800 dollar bond, and S. obtained an injunction against its collection, alleging that 60 acres of the land belonged to the wife, and that she refused to join in a conveyance of her title thereto, and that therefore, there was such deficiency as would make it proper for a court of equity to annul the contract. The court below dissolved the injunction and dismissed the bill. HELD:

I. That as it appears from the evidence that the 400 dollar bond was executed to the wife in consideration of the 60 acres, and it was of an average value with the rest of the tract, and there being no averment in the bill that the 60 acres was the inducement for the purchase, or that the residue of the tract could not be advantageously enjoyed by the purchaser, nor proof to this effect, that the injunction was properly dissolved, and the bill dismissed.

II. That the 400 dollar bond in the hands of the wife appeared to be ample indemnity to S. for the 60 acres, and should any attempt be made to collect it, the collection should be restrained, if the facts then appear as they now do.

This cause came from Greenbrier county, and was an appeal from a decree of the circuit court of that county dissolving an injunction, rendered on the 22d day of October, 1869. The opinion of Judge Maxwell contains a sufficient statement of the points at issue.

Hon. N. Harrison, judge of the circuit court of Greenbrier county, presided on the hearing of the cause.

*R. F. Dennis* for the appellant.

The appellant purchased 200 acres of land from the appellee, Charles T. Perkins. The title to 60 acres, part thereof, has failed. What relief should be given? The contract should be rescinded.

The rescission or specific performance of contracts, is not a matter of right in either party, but it is a matter of discretion in the court. 2 Story's Eq., § 722, and authorities cited in note 2.

Where there is a substantial defect in the estate sold, either in the title or description, a specific performance will not be decreed. 2 Story's Eq., § 778, and note 3; *Evans* v. *Kingsberry*, 2 Ran., 131: Judge Green.

A party contracting for the entirety of an estate, will not be compelled to take an undivided aliquot part of it. *Idem.*

The purchaser may elect to proceed with the purchase *pro tanto*, or to abandon it altogether. *Idem*, § 779, note 1.

It requires a much less strength of case on the part of the defendant, to resist a bill to perform a contract, than it does on the part of the plaintiff to maintain a bill to enforce a specific performance. *Idem*, sec. 769.

Both on principle and authority, a specific performance will not be decreed at the instance of the vendor, unless his ability to make a title be unquestionable. *Garnett* v. *Macon*, 6 Call, 308.

A specific execution will not be decreed, where its operation would be harsh on any person concerned. *Anthony* v. *Leftwich*, 3 Ran., 238.

A husband contracts to sell his wife's land. Upon a bill by husband and wife, specific execution refused, because specific execution could not be decreed at the suit of the purchaser, to compel the wife to convey her land; and so the remedies are not mutual. *Watts et al.* v. *Kinney and wife*, 3 Leigh, 272.

Upon a bill for specific execution of agreement for sale and purchase of a tract of 686 acres of land, title fails as to 209 acres. These 209 acres are separated from the residue by a public road; all of the improvements are on the residue, to which the title is perfect. Held: Vendee not compelled to take residue. *Jackson* v. *Ligon*, 3 Leigh, 161. See Judge Carr's opinion, pp. 179, 180, in which he says: To hold the vendee bound, "would be truly to make contracts, and not to execute those already made."

Though defence might possibly have been made at law, yet a court of equity has jurisdiction. Code of Va., p. 716, chap. 172, sec. 6.

*J. W. Harris* for the appellees. .

A court of equity will not rescind a contract unless fraud appear, or there has been a plain and palpable mistake affecting the very substance of the subject matter of the contract. *Thompson* v. *Jackson*, 3 Rand., 505–6 and 7; 2 Rob. Pr., (old) 191.

If there was any proof of a contract to convey 200 acres of land, Scott would be entitled, *in a proper case,* to have the contract rescinded upon showing a total failure of title in the vendor; but if there was a failure of title as to part only, he would only be entitled to enjoin so much of the purchase money as would cover the deficiency; or in case payment had already been made, to have compensation. See Story's Eq. § 796; Adams' Eq., p. 90; 1 Rob. Rep., 844; 1 Munf., 63; 2 Munford, 290; *Wainwright* v. *Read*, 1 Deseau., 573; 2 Robinson's Practice, (old) 178. In this latter case there was a deficiency of 171 acres, in a conveyance of 662, a greater ratio of deficiency than 60 to 200; but the court refused to rescind the contract. Courts of equity will not ordinarily rescind a contract, even where it would refuse a specific execution for the other party; *Thompson* v. *Jackson*, 3 Rand., 505, 506, 507; and yet, Scott, in effect, asks a rescission of the whole contract, merely for an alleged partial failure of consideration.

Again : Assuming that there are but 200 acres in the whole tract, and that a title cannot be made to 60 of them, the proof shows that Scott took upon himself the risk of getting a title. He says, that before the making of the deed and the execution of the bonds, he knew of Mrs. Perkins' claim to this 60 acres.

Besides, he admits in his bill, that he executed the 800 dollar bond to Perkins, and the 400 dollar bond to Mrs. Perkins. The deed, of which he makes an exhibit, recites that a portion of this land was Mrs. Perkins' in her own right; the 400 dollar bond, which is now held by Mrs. Perkins, is admitted to have been given for this 60 acres; and if Scott's own witness, Perkins, is to be believed, the sale of the 60 acres was a separate and distinct transaction, and Perkins and wife merely joined in the same deed for convenience sake. Scott, then, has no right to come against the bond of 800 dollars, which was given for Perkins' land, as to which there is no dispute; and if Perkins, on the other hand, was bound to make good the title as to both tracts, and it had failed as to the sixty acres, Scott could only enjoin the collection of the 400 dollars, now in the hands of Perkins and wife, which was given for that tract. *Foreman* v. *Newkirk*, 3 Munf., 275.

But, further : Scott has not shown, as previously alleged, that Perkins or his wife have failed to do, or are incapable of doing anything which they contracted to do. To enjoin the judgment, he must show clearly, that a defect exists in the title. *Ralston* v. *Miller*, 3 Rand., 49. He cannot call on the vendor to deduce his title; he must prove the defect. *Grantland* v. *Wright*, 5 Munf., 295; 2 Rob. Pr., (old) 190.

The fact relied upon to procure a rescission of a contract not being averred in the bill, no decree can be rested upon it. *Corneal* v. *Bank*, and *Bank* v. *Corneal*, 10 Wheat, 181.

MAXWELL, J. Scott purchased a tract of two hundred acres of land of Charles T. Perkins, for the sum of 1,400 dollars, for which he paid Perkins at the time of the purchase

200 dollars, and executed to said Perkins his bond for 800 dollars, and executed his other bond to Jane Perkins, wife of the said Perkins, for 400 dollars, residue of the purchase money.

When the 800 dollar bond became due, and payable, Perkins, for the use of Ewing and wife, obtained a judgment upon it against Scott. Scott filed his bill to enjoin the collection of said judgment, alleging that the contract was made with reference to confederate money, and is for that reason void, and also alleging that 60 acres of the 200 sold belong to the said Jane Perkins, who now refuses to join in a conveyance of her title thereto.

An injunction was allowed, but upon the hearing was dissolved, and the bill dismissed. There is nothing in the case to support the complainant's idea that the contract was made with reference to confederate money, and is for that reason void.

It appears, from the case, that Mrs. Perkins is the owner of 60 acres, part of the 200 acre tract sold by her husband. It also appears that she still holds the 400 dollar bond on Scott, which, it appears from the evidence, was executed to her, in consideration of the said 60 acres of land.

After the 800 dollar bond came into the hands of Ewing and wife, and after he had notice of the fact, Scott re-delivered the possession of the land to Perkins.

The evidence shows that the 60 acres owned by Mrs. Perkins is of an average value with the rest of the tract.

There is no averment in the bill that a portion of the land owned by Mrs. Perkins, and which she now refuses to convey, was the inducement for the purchase, or that the residue of the tract cannot be advantageously enjoyed by the purchaser, nor is there any proof to this effect. Under the circumstances of this case, the court decided properly, when it dissolved the injunction and dismissed the bill.

The 400 dollar bond, in the hands of Mrs. Perkins, appears to be ample to indemnify Scott for the 60 acres of land which he cannot get, and should any attempt be made

to collect the amount of it, such collection should be restrained, if the facts then appear, as they do now, in the case before us.

The decree complained of ought to be affirmed, with damages and costs to the appellees, Perkins and wife.

The other judges concurred.

DECREE AFFIRMED.